# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| REINA WOOD-JIMENEZ, | Case No. 2:18-cv-02344-APG-DJA |
| Plaintiff, | |
| v. | **ORDER** |
| DMV, | |
| Defendant. | |

Pro se plaintiff Reina Wood-Jimenez filed a Motion for Immediate Relief (ECF No. 33) on September 23, 2019. It appears to be an argument she wishes to make during trial. As such, the Court will deny it without prejudice given that it is not supported by points and authorities and is not a proper motion for relief at this time.

Additionally, Defendant DMV filed a Motion to Stay Discovery (ECF No. 37) on September 26, 2019. Plaintiff filed a Proposed Discovery Plan and Scheduling Order (ECF No. 38) on October 10, 2019, to which Defendant filed a Notice of Objection (ECF No. 41) on October 15, 2019.

Courts have broad discretionary power to control discovery. *See, e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). In deciding whether to grant a stay of discovery, the Court is guided by the objectives of Rule 1 to ensure a just, speedy, and inexpensive determination of every action. *See Kidneigh v. Tournament One Corp*., 2013 WL 1855764, at \*2 (D. Nev. May 1, 2013). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc*., 278 F.R.D. 597, 600 (D. Nev. 2011). However, preliminary issues such as jurisdiction, venue, or immunity are common situations that may justify a stay. *See Twin City*

*Fire Ins. v. Employers of Wausau*, 124 F.R.D. 653 (D. Nev. 1989); *see also Kabo Tools Co. v. Porauto Indus. Co.*, 2013 WL 5947138, at *1 (D. Nev. Oct. 31, 2013) (granting stay based on alleged lack of personal jurisdiction); *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013) (granting stay based in part on alleged lack of subject matter jurisdiction). Further, motions to stay discovery pending resolution of a dispositive motion may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion to evaluate the likelihood of dismissal. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

A party seeking to stay discovery pending resolution of a potentially dispositive motion bears the heavy burden of establishing that discovery should be stayed. *See, e.g., Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (noting that a stay of discovery may be appropriate where the complaint was "utterly frivolous, or filed merely for settlement value."); *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). When deciding whether to issue a stay, a court must take a "preliminary peek" at the merits of the dispositive motion pending in the case. *Tradebay*, 278 F.R.D. at 602-603. In doing so, a court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery. *Id.* This "preliminary peek" is not intended to prejudge the outcome, but to evaluate the propriety of a stay of discovery "with the goal of accomplishing the objectives of Rule 1." *Id.* (citation omitted). That discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery. *Turner Broadcasting*, 175 F.R.D. at 556. An overly lenient standard for granting requests to stay would result in unnecessary delay in many cases.

After taking a preliminary peek at the pending motion to dismiss (ECF No. 20), the Court finds that Defendant has carried its heavy burden of establishing that discovery should be stayed. The issues before the Court in the pending motion to dismiss do not require further discovery as they have been fully briefed. Additionally, discovery is expensive and resolving issues of immunity at the earliest possible stage of litigation is important. Further, the issues in pending

motion to dismiss are potentially dispositive of the entire case. The gravamen of Defendant's motion to dismiss is that the DMV has Eleventh Amendment immunity, Plaintiff has not served the head of the DMV, and Plaintiff is unable to state a claim for relief. The Court is not convinced that Plaintiff will survive Defendant's jurisdictional and immunity challenges, but notes, of course, that its view of "may be very different than how the assigned district judge will see" the case. *AMC Fabrication, Inc. v. KRD Trucking W., Inc.*, 2012 WL 4846152, *4 (D. Nev. Oct. 10, 2012). As such, the Court finds this is a case where a temporary stay of discovery will further the goal of judicial economy.

IT IS HEREBY ORDERED that Plaintiff's Motion for Immediate Relief (ECF No. 33) **is denied without prejudice**.

IT IS FURTHER ORDERED that Defendant's Motion to Stay Discovery (ECF No. 37) **is granted**.

IT IS FURTHER ORDERED that in the event the motion to dismiss is not granted in full, the parties shall file a stipulated proposed discovery plan and scheduling order no later than seven days after a decision on the pending motion to dismiss (ECF No. 20) is issued by the Court.

DATED: October 15, 2019

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE